UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**HAROLD D. HAMMETT,**

   Appellant,

v.   No. 4:21-cv-0099-P

**LISA ROCHELLE WOODARD,**

   Appellee.

### AMENDED MEMORANDUM OPINION & ORDER[1]

Appellant Harold D. Hammett appeals the Bankruptcy Court's Order confirming debtor Lisa Rochelle Woodard's Chapter 13 Plan ("Order on Confirmation"). Specifically, Hammett argues that because the evidence demonstrates a lack of good faith, the Bankruptcy Court erred in confirming Woodard's Chapter 13 Plan. Having considered Hammett's Brief (ECF No. 6), the record (ECF No. 3), and the applicable law, the Court will **OVERRULE** Hammett's objection and **AFFIRM** the Bankruptcy Court's Order on Confirmation.

### BACKGROUND

The debtor is Lisa Rochelle Woodard, who currently serves as Justice of the Peace for Precinct 8 in Tarrant County, Texas. During the 2010 election campaign, Woodard faced an election lawsuit contesting her primary victory. In response, Woodard hired Harold D. Hammett to represent her in the lawsuit. The two successfully defeated the election challenge, and Woodard was sworn in as a Justice of the Peace.

However, a dispute arose between Woodard and Hammett concerning the amount of attorney's fees that Woodard agreed to pay Hammett. And after failing to resolve the dispute, Hammett sued Woodard for his outstanding legal fees. On February 12, 2019, County

---

[1]This Amended Memorandum Opinion & Order supersedes the Memorandum Opinion & Order issued January 31, 2022. ECF No. 8.

Court at Law No. 2 issued a final judgment, awarding Hammett approximately $73,000 in damages against Woodard.

Notwithstanding the final judgment, Hammett struggled to recoup his legal fees against Woodard and sought the appointment of a receiver. The day before the receivership hearing, however, Woodard initiated the underlying bankruptcy case with the filing of a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Woodard filed her proposed Chapter 13 Plan on that same date.

On November 5, 2020, United States Judge Edward L. Morris held a hearing on the plan. And on January 11, 2021, the Bankruptcy Court held a second hearing to issue its ruling on the plan. At the second hearing, the Bankruptcy Court thoroughly analyzed the filing of the voluntary petition, the proposed plan, and Hammett's objections to both. Satisfied that the Chapter 13 Plan complied with the Bankruptcy Code's requirements and that Hammett's objections were without merit, the Bankruptcy Court approved the plan. Hammett now appeals the Order on Confirmation.

## JURISDICTION

This appeal arises from the Bankruptcy Court's Order on Confirmation, which confirmed debtor Lisa Rochelle Woodard's Chapter 13 Plan. ECF No. 1. Accordingly, this Court exercises jurisdiction pursuant to 28 U.S.C. § 158(a).

## ISSUES PRESENTED

There is one issue before the Court on appeal: Did the Bankruptcy Court err in finding that Woodard acted in good faith when she filed the underlying bankruptcy case *and* proposed her Chapter 13 Plan?

## LEGAL STANDARD

The Fifth Circuit recognizes a standard of good faith in all bankruptcy proceedings. *In re Little Creek Dev. Co.*, 779 F.2d 1068 (5th Cir. 1986). For example, the Bankruptcy Code requires, *inter alia*, that a chapter 13 plan be "proposed in good faith and not by means forbidden by law," and that "the action of the debtor in filing the petition [likewise be] in good faith." 11 U.S.C. §§ 1325(a)(3), (7).

The Fifth Circuit uses a case-by-case totality-of-the-circumstances test to evaluate the good faith of a debtor in filing for bankruptcy relief and attempting to confirm a chapter 13 plan. *See In re Stanley*, 224 F. App'x 343, 346 (5th Cir. 2007). The Fifth Circuit's totality-of-the-circumstances test requires the Court to consider:

> (1) the reasonableness of the proposed repayment plan; (2) whether the plan shows an attempt to abuse the spirit of the bankruptcy code; (3) whether the debtor genuinely intends to effectuate the plan; (4) whether there is any evidence of misrepresentation, unfair manipulation, or other inequities; (5) whether the filing of the case was part of an underlying scheme of fraud with an intent not to pay; (6) whether the plan reflects the debtor's ability to pay; and (7) whether a creditor has objected to the plan.

*Id.*

## STANDARD OF REVIEW

When a district court reviews a bankruptcy court's decision, it functions as an appellate court and utilizes the same standard of review generally applied by a federal court of appeals. *In re Webb*, 954 F.2d 1102, 1104 (5th Cir. 1992). In reviewing conclusions of law on appeal, a *de novo* standard of review is applied. *In re Young*, 995 F.2d 547, 548 (5th Cir. 1993); *In re Allison*, 960 F.2d 481, 483 (5th Cir. 1992).

A bankruptcy court's findings of fact are subject to the "clearly erroneous" standard of review. *Young*, 995 F.2d at 548; *Allison*, 960 F.2d at 483. Typically, the determination that a debtor has or has not acted in good faith is a finding of fact reviewed for clear error. *In re Jacobsen*, 609 F.3d 647, 652 (5th Cir. 2010). These findings are reversed only if, based on the entire body of evidence, the court is left "with the definite and firm conviction that a mistake has been made." *Beaulieu v. Ragos*, 700 F.3d 220, 222 (5th Cir. 2012). However, when good faith findings are based on an incorrect statement of law, those findings are reviewed *de novo*. *In re Brown*, 960 F.3d 711, 718 (5th Cir. 2020); *see also In re Elwood Dev. Co.*, 964 F.2d 508, 510 (5th Cir. 1992).

# ANALYSIS

The Court will analyze Hammett's objection in three parts. *First*, the Court determines that the Bankruptcy Court correctly applied the totality-of-the-circumstances test. Accordingly, the Court reviews the Bankruptcy Court's good-faith findings for clear error. *Second*, the Court concludes that the Bankruptcy Court's finding that the underlying bankruptcy case was filed in good faith was not clearly erroneous. *Finally*, the Court concludes that the Bankruptcy Court's finding that Woodard's Chapter 13 Plan was proposed in good faith was not clearly erroneous.

The Bankruptcy Court's confirmation of Woodard's Chapter 13 Plan was not clearly erroneous. Thus, Hammett's objection will be **OVERRULED**, and the Order on Confirmation will be **AFFIRMED.**

### A. The Bankruptcy Court correctly applied the totality-of-the-circumstances test. Accordingly, the Court will review the Bankruptcy Court's determination that Woodard acted in good faith for clear error.

Although the Bankruptcy Court appears to give great weight to Woodward's compliance with the Bankruptcy Code's technical requirements, the Bankruptcy Court nonetheless correctly applied the totality-of-the-circumstances test.

Under the Bankruptcy Code, Woodard's Chapter 13 Plan must satisfy the Bankruptcy Code's technical requirements *and* Section 1325's good-faith requirements. *See generally* 11 U.S.C. §§ 1235(a)(1), (3), (7); *In re Stanley*, 224 F. App'x at 346 (analyzing good faith under the totality-of-the-circumstances test). However, to properly apply the totality-of-the-circumstances test, a court need not "make 'a formulary statement' that it considered the relevant facts 'individually and cumulatively.'" *In re Stanley*, 224 F. App'x at 347 (quoting *Early v. Packer*, 537 U.S. 3, 9 (2002) (per curiam)). Nor is it improper to consider the technical requirements of the Bankruptcy Code.

Here, the Bankruptcy Court conducted an evidentiary hearing regarding the Chapter 13 plan, where both Woodard and Hammett testified. *See* ECF No. 3-8 at 171; *cf In re Owlsey*, 384 B.R. 739, 751 (Bnkr. N.D. Tex. 2008) (denying confirmation because the debtor neither

4

testified nor put on evidence). After considering the evidence presented at the hearing, the Bankruptcy Court held a second hearing to issue its ruling. *See* ECF No. 3-8 at 167. There, the Bankruptcy Court explicitly stated that mere compliance with the technical requirements of the Bankruptcy Code "does not necessarily mean that the Plan ha[d] been proposed in good faith." *Id.* at 180. And to that end, the Bankruptcy Court specifically "discussed [good faith] separately" from the technical requirements of the Bankruptcy Code. *Id.*

Thus, because a court need not make a formulary statement articulating the individual facts pertinent to its decision, it cannot be said that the Bankruptcy Court incorrectly applied the totality-of-the-circumstances test. Further, nothing in the record indicates that the Bankruptcy Court confirmed the Plan, and overruled Hammett's objections, based on a legal conclusion rather than the facts gleaned from the evidence in the record. *Cf Viegelahn v. Essex*, 452 B.R. 195, 199 (Bankr. W.D. Tex. 2011) (applying a *de novo* standard of review because the "Bankruptcy Court overruled the good faith objection based on a legal conclusion rather than on facts").

Accordingly, "the fair import" of the Bankruptcy Court's analysis is that the Bankruptcy Court considered each good-faith consideration individually *and* in total, despite the apparent focus on the technical requirements of the Bankruptcy Code, as required by the Fifth Circuit. *In re Crager*, 691 F.3d 671, 675 (5th Cir. 2012) ("In this circuit, Court's apply a 'totality of the circumstances' test to determine whether a Chapter 13 petition and plan are filed in good faith."). Because the Bankruptcy Court correctly applied the totality-of-the-circumstances test, the Court will review the Bankruptcy Court's Order of Confirmation for clear error.

**B. The Bankruptcy Court's determination that Woodard filed the case in good faith was not clearly erroneous.**

Although the Bankruptcy Court admitted that the "question of determining whether the Debtor ha[d] sustained her burden of proof in establishing that the bankruptcy filing was made in good faith" was a "very close call," the Bankruptcy Court's ultimate decision was not clearly erroneous. *Id.* at 184.

The Bankruptcy Court's Order on Confirmation considered facts indicative of good faith. Specifically, the Bankruptcy Court noted that "resorting to the bankruptcy process to effectuate a payment plan" after failing to reach a payment agreement is neither uncommon nor impermissible. *Id.* at 182. And considering the fact "that [Woodard] did not have sufficient nonexempt assets to immediately satisfy the Judgment," *id.* at 182–83, the Bankruptcy Court found that Woodard's initiation of the underlying bankruptcy proceeding was "pursued in good faith" to the extent the bankruptcy was motived to address outstanding debts. *Id.* at 183. Likewise, the Bankruptcy Court found that "the filing [was] not in any way part of an underlying fraudulent scheme to avoid paying creditors." *Id.* at 184.

The Bankruptcy Court also considered factors indicative of a lack of good faith. To that end, the Bankruptcy Court explicitly recognized Woodard's lack of good faith in "addressing prepetition post-judgment discovery." *Id.* at 183. And the Court further noted, with displeasure, that Woodard only came clean with the true level of wedding income after being "boxed into a corner." *Id.*

The Bankruptcy Court considered the totality of the circumstances. That is, the Bankruptcy Court considered all facts that could indicate either good faith, or a lack thereof, and thus recognized the "ostensibly-conflicting motivations for the filing." *Id.* at 184. Accordingly, the Court cannot conclude that the Bankruptcy Court failed to consider the totality of the circumstance when the Order on Confirmation explicitly acknowledged the presence of conflicting facts. And despite the "ostensibly-conflicting motivations," the Bankruptcy Court still found that the totality of the circumstances satisfied the confirmation requirements of Section 1325(a)(7).

Based on the Court's review of the record and applicable law, this determination is entirely plausible. Accordingly, the Court cannot say that the Bankruptcy Court clearly erred in determining that the case was filed in good faith.

### C. The Bankruptcy Court's determination that Woodard proposed the plan in good faith was not clearly erroneous.

Despite being "troubled by [Woodard's] failure to fully and timely disclose information with respect to the level of her wedding income," the Bankruptcy Court's determination that the plan was proposed in good faith was not clearly erroneous. *Id.* at 186.

Here, the Bankruptcy Court explicitly stated that its finding of good faith was specific to the "facts and circumstances of this case alone." *Id.* Hammett, however, argues that the Bankruptcy Court incorrectly "ruled that Woodard's plan and petition were filed in good faith because the plan proposed to pay creditors in full, despite indicia of Woodard's lack of good faith motives to delay and hinder Hammett's recovery of his debt." ECF No. 6 at 16.

To be sure, a cursory read of the Bankruptcy Court's decision could be read as failing to undertake the totality-of-the-circumstances test. A closer analysis, however, reveals that the Bankruptcy Court merely highlighted certain aspects of the case; it did not base its decision solely on those aspects. *See, e.g.*, ECF No. 3-8 at 186 ("noting in particular the Plan's provision for payment in full of all allowed claims").

And as stated above, "the Supreme Court has instructed that a court is not required to make 'a formulary statement' that it considered the relevant facts 'individually and cumulatively'" in apply the good faith standard. *In re Stanley*, 224 F. App'x at 347. There is therefore no requirement that the Bankruptcy Court methodically identify every single fact that it considered in making its decision. And without such a requirement, it is not clear error for the Bankruptcy Court to highlight the facts that were most *relevant* to its decision to confirm Woodard's Chapter 13 Plan. *See* ECF No. 3-8 at 186–88 (discussing the facts that supported the Bankruptcy Court's decision).

While Hammett may disagree with the Bankruptcy Court's conclusion, he cannot dispute that the bankruptcy analyzed the question of good faith under the totality-of-the-circumstances test.[2] And based on

---

[2] Nor can Hammett argue that the Bankruptcy Court shifted the burden of persuasion from Woodard. To that end, the Bankruptcy Court found that "the Debtor

7

the Court's review of the record and applicable law, the determination that the plan was proposed in good faith is entirely plausible. Therefore, the Court concludes that the Bankruptcy Court did not clearly err in determining that Woodard proposed the Chapter 13 plan in good faith.

### ORDER

The Court, having **OVERRULED** Hammett's issue on appeal, concludes that the Bankruptcy Court's Order confirming the Chapter 13 Plan is **AFFIRMED.**

**SO ORDERED** on this **9th day** of **March, 2022.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[] satisfied the good faith confirmation requirement . . . of the Bankruptcy Code." *Id.* 186–87. If anything, the Bankruptcy Court faulted Hammett for failing to refute the caselaw holding "that, in the absence of some other indicia of bad faith, a debtor has not failed to propose a plan in good faith simply by having the ability to pay more rapidly." *Id.* at 185–86 (collecting cases).